## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DEWAYNE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  08 CV 36 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | JUDGE KENNELLY |
| CHICAGO POLICE OFFICER | ) | MAGISTRATE JUDGE SCHENKIER |
| F. L. MICELI, Star No. 10297, and | ) | |
| CHICAGO POLICE OFFICER | ) | |
| R. MARTINEZ, Star No. 15547, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT MICELI AND MARTINEZ'S ANSWER, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant Officers, Frank MICELI, and Rafael MARTINEZ, (hereinafter referred to as "Defendants" or "Defendant officers"), by one of their attorneys, Thomas Freitag, Assistant Corporation Counsel, for their Answer, Affirmative Defenses, Fed. R. Civ. P. 12(b)(6) Defenses, and Jury Demand to Plaintiff's Complaint, state as follows:

### JURISDICTION AND VENUE

_____1.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**ANSWER:**  Defendants admit the allegations contained in this paragraph, but deny any wrongful or illegal conduct.

2.    This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

**ANSWER:**  Defendants admit that jurisdiction is proper under the statutory provisions alleged in this paragraph, but deny any wrongful or illegal conduct.

3.      Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:**    Defendants admit that venue is proper.


## PARTIES

_____4.      At all times relevant hereto, Plaintiff Dewayne Thomas was a 41 year-old male resident of Chicago, Illinois.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this Paragraph.


5.      At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 5, but deny any

wrongful or illegal conduct.


6.      Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**    Defendants admit, upon information and belief, that the City of Chicago is

a municipal corporation, duly incorporated under the laws of the State of Illinois and admit that

they are employed by the City of Chicago. Defendants are without knowledge sufficient to form a

belief as to the truth of the remaining allegations in this paragraph.


## FACTUAL ALLEGATIONS

7.      On or about January 3, 2007, Plaintiff was walking near the intersection of 109th Street and Michigan Ave. in Chicago, Cook County, Illinois.

**ANSWER:**    Defendant Officers admit that on or about January 3, 2007 Plaintiff was in the area of 31 W. 108th St. Chicago, Ill., but deny any remaining allegations contained in Paragraph 7.

8.    At this time, Defendant Officers approached Plaintiff and ordered him to place his hands on their police vehicle while they unconstitutionally searched him without an arrest warrant, a search warrant, or probable cause to believe that Plaintiff had committed or was committing a crime.

**ANSWER:**    Defendant Officers admit approaching Plaintiff and searching him, but deny any wrongful or illegal conduct.

9.    At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**    Defendant officers deny the allegations in this paragraph.

10.    Following the unconstitutional search, Plaintiff was handcuffed, arrested, and taken to the 5th District Chicago Police District where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402-C and possession of drug paraphernalia in violation of 720 ILCS 600.0/3.5-A, and held in custody for more than three weeks.

**ANSWER:**    Defendant officers admit that Plaintiff was arrested for possession of a controlled substance, and possession of drug paraphernalia and taken to the 5th District Chicago Police Station, but are without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was held in custody for more than three weeks, and  further deny any remaining allegations and any wrongful or illegal conduct.

11.    The false charge of possession of a controlled substance was dismissed after a finding of no probable cause by a Cook County Judge on January 25, 2007 and the charge of possession of drug paraphernalia was dismissed by the State of Illinois on the same date.

**ANSWER:**    Defendant Officers admit that the case was dismissed after a finding of no probable cause on the possession of a controlled substance, and a Nolle Prosequi of the possession of drug paraphernalia on January 25, 2007, but deny any remaining allegations and any wrongful or illegal conduct.

### Count I - 42 U.S.C. § 1983 False Arrest

12.    Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**    Defendant Officers reassert their answers to Paragraphs 1-11 as their answers to Paragraph 12, as if fully stated herein.

13.    On January 3, 2007, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

14.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and search him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

15.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

      a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

      b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of

4

similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.      As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.      Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.      The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.      As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.      As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained", and,

h.      The problem with the policy identified in the preceding paragraphs is that by its own accounting, the City sustains less than 5% of the

5

complaints brought against Police Officers for violations of civil
rights.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

16.    The acts committed by Defendant Officers were done maliciously, willfully and
wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's
constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

## Count II - 42 U.S.C. § 1983 Unlawful Search

17.    Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**    Defendant Officers reassert their answers to Paragraphs 1-11 as their

answers to Paragraph 17, as if fully stated herein.

18.    Defendant Officers searched Plaintiff's person without a search warrant and
without probable cause to believe Plaintiff was committing or had committed a crime in violation
of the 4th Amendment to the United States Constitution.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

19.    The misconduct described in this Count was undertaken pursuant to the policy and
practice of the Chicago Police Department in that:

a.    As a matter of both policy and practice, the Chicago Police Department
directly encourages the type of misconduct at issue here by failing to
adequately train, supervise and control its officers, and its failure to do so
constitutes deliberate indifference;

b.    As a matter of both policy and practice, the Chicago Police Department
facilitates the type of misconduct at issue here by failing to adequately
punish and discipline prior instances of similar misconduct, thereby
leading Chicago Police Officers to believe their actions will never be
scrutinized and, in that way, directly encourages future abuses such as
those affecting Plaintiff; specifically, Chicago Police officers accused of
misconduct are aware that the Office of Professional Standards will not

6

fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to taken into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained", and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.


20.    The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

7

## **Count III - False Imprisonment**

21.    Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**    Defendant Officers reassert their answers to Paragraphs 1-11 as their

answers to Paragraph 21, as if fully stated herein.


22.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under

title 28, United States Code § 1367.

**ANSWER:**    Defendant admits the allegations contained in paragraph 22 of Plaintiff's

Complaint, above, to the extent that Plaintiff purports in his Complaint to have a federal claim in

Count I & II, and that such jurisdiction would be proper for that claim, and that Plaintiff purports

to have a supplemental state law claim in Count III, and that such jurisdiction would be proper

for those state claims as they at relate to Count III.   Defendant denies the remaining allegations

and complained of conduct.


23.    On January 3, 2007, Plaintiff was seized and detained without a warrant and
without probable cause.   This detention and seizure was in violation of Plaintiff's rights secured
under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.


24.    Defendant Officers and Defendant City unlawfully seized, detained, and
wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.


25.    The acts committed by Defendant Officers and Defendant City were done
maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts
were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

### Count IV - Malicious Prosecution

26.    Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**    Defendant Officers reassert their answers to Paragraphs 1-11 as their

answers to Paragraph 26, as if fully stated herein.

27.    Defendant Officers initiated and continued judicial proceedings against Plaintiff
by intentionally making knowingly false statements in police reports and causing false testimony
to be presented to a Cook county judge at the preliminary hearing.  This false and malicious
conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled
Substance.

**ANSWER:**    Defendant Officers admit that they arrested Plaintiff for Possession of a

Controlled Substance and Possession of Drug Parahrenalia, and the state's attorney filed charges

based upon that arrest, but deny any wrongful or illegal conduct.

28.    Defendant Officers instituted the judicial proceedings against Plaintiff with malice
and with willful and wanton disregard for the truth.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

29.    Defendant Officers brought said false charges and continued the prosecution of
such false charges in order to cover up their own illegal conduct.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

30.    On January 25, 2007 Plaintiff's case was dismissed.

**ANSWER:**    Defendant Officers admit that the case was dismissed after a finding of no

probable cause on the possession of a controlled substance, and a Nolle Prosequi of the

9

possession of drug paraphernalia on January 25, 2007, but deny any remaining allegations and

any wrongful or illegal conduct.

31.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

### Count V - Intentional Infliction of Emotional Distress

32.    Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

**ANSWER:**    Defendant Officers reassert their answers to Paragraphs 1-11 as their

answers to Paragraph 32, as if fully stated herein.

33.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**    Defendant admits the allegations contained in paragraph 24 of Plaintiff's

Complaint, above, to the extent that Plaintiff purports in his Complaint to have a federal claim in

Count I & II, and that such jurisdiction would be proper for that claim, and that Plaintiff purports

to have a supplemental state law claim in Count V, and that such jurisdiction would be proper for

those state claims as they at relate to Count V.  Defendant denies the remaining allegations and

complained of conduct.

34.    Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

35.    Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

36.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

## Count VII- State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

37.    Plaintiff re-alleges paragraphs 1 through 11 as if fully re-pleaded herein.

**ANSWER:**    Defendant Officers reassert their answers to Paragraphs 1-11 as their

answers to Paragraph 37, as if fully stated herein.

38.    Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**    Defendant Officers object to the allegations contained in paragraph 38 of

Count VII of Plaintiff's Complaint, above, to the extent they seek a legal conclusion.  Without

waiving said objection, Defendant Officers are without the knowledge or information sufficient

to form a belief as to the truth of the allegations contained in paragraph 38 of Count VII of

Plaintiff's Complaint, above.

39.    At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

11

**ANSWER:**   Defendant Officers admit that at all times relevant to Plaintiff's Complaint, they were acting within the scope of his employment as Chicago Police Officers. Defendant Officers object to the remaining allegations contained in this paragraph of Plaintiff's Complaint, above, to the extent they seek a legal conclusion.  Without waiving said objection, Defendant Officers are without the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint, above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### QUALIFIED IMMUNITY

Defendants are government officials, namely police officers, who performed discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed his actions to be lawful, in light of clearly established law and the information that Defendants possessed.  Defendants, therefore, are entitled to qualified immunity as a matter of law.

### SECOND AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendant is not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendants at the time, and was a discretionary decision for which he is immune from liability.  745 ILCS 10/2-201 (West 2006).

12

### THIRD AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendants were working as police officers at the time of this incident. Therefore, as to

all claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims

alleged because a public employee is not liable for his or her acts or omissions in the execution

or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.

745 ILCS 10/2-202 (West 2006).

### FOURTH AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendant is not liable for any of Plaintiff's alleged claims because a public employee, as

such and acting within the scope of his/her employment, is not liable for an injury caused by the

act or omission of another person.  745 ILCS 10/2-204 (West 2006).

### FIFTH AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by

the instituting or prosecuting any judicial or administrative proceeding within the scope of their

employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-

208(West 2006_____

### SIXTH AFFIRMATIVE DEFENSE:
### STATE DAMAGE TO PROPERTY CLAIMS

Defendants are not liable for any of Plaintiff's alleged claims because a public employee,

as such and acting within the scope of his/her employment, is not liable for an injury caused by

entry upon any property where such entry is expressly or impliedly authorized by law.  745 ILCS

10/2-209 (2006).


### SEVENTH  AFFIRMATIVE DEFENSE
### STATE COMPARATIVE AND CONTRIBUTORY FAULT LAW

That any injuries or damages claimed by the Plaintiff against Defendants were caused, in

whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff.  Even

if Defendants were liable in damages, the total amount of damages to which Plaintiff would

otherwise be entitled must be reduced by application of principles of comparative fault in

proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff

which were the proximate cause of his injuries.  In addition, at the time of the actions alleged in

Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a

plaintiff's recovery according to his contributory negligence and bars his recovery entirely when

a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for

which recovery is sought.

### EIGHTH AFFIRMATIVE DEFENSE:
### MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any

verdict or judgment obtained by Plaintiff must be reduced by application of the principle

thatPlaintiff has a duty to mitigate his damages, commensurate with the degree of failure to

mitigate attributed to Plaintiff by a jury in this case.

### FED. RULE CIV. PRO. 12(b)(6) DEFENSES
### FIRST 12(b)(6) DEFENSE:
### PUNITIVE DAMAGES IN VIOLATION OF DUE PROCESS

An award of punitive damages would deprive Defendant of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a)  liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and,

(B) the award of punitive damages is disproportionate to actual damages.


### SECOND 12(b)(6) DEFENSE:
### FAILURE OF INTENTIONAL INFLICTION
### OF EMOTIONAL DISTRESS CLAIM

Count V of Plaintiff's Complaint fails to state a claim upon which relief may be granted, for the matters alleged by plaintiff in regard to his claim for intentional infliction of emotional distress are not sufficiently extreme and outrageous to satisfy Illinois law._____


### THIRD 12(B)(6) DEFENSE:
### MALICIOUS PROSECUTION
### NOT A CAUSE OF ACTION UNDER 42 U.S.C. § 1983

To the extent Plaintiffs are claiming separate federal causes of action for "malicious prosecution" outside of the context of their claims for false arrest, those claims should be dismissed.  "Malicious prosecution" does not constitute a federal cause of action under 42 U.S.C. § 1983 independent from claims for false arrest.


### CONCLUSION

WHEREFORE, Defendants Frank MICELI, and Rafael MARTINEZ respectfully requests that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

15

### JURY DEMAND

      Defendants Frank MICELI, and Rafael MARTINEZ hereby demand a jury trial for all issues so triable.

                              Respectfully submitted,

                              FRANK MICELI, and
                              RAFAEL MARTINEZ
                              By one of their attorneys,

Thomas Freitag
30 N. LaSalle Street                  */S/ Thomas H. Freitag*_____
Suite 1400                           THOMAS H. FREITAG
Chicago, Illinois 60602              Assistant Corporation Counsel
(312) 742-7391
(312) 744-6566 (FAX)
ATTY. NO.  06272245