IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEWAYNE THOMAS, ) | |
| ) | No.    08 C 0036 |
| Plaintiff, ) | |
| ) | JUDGE KENNELLY |
| v. ) | |
| ) | Magistrate Judge Schenkier |
| CITY OF CHICAGO, ILLINOIS and CHICAGO ) | |
| POLICE OFFICER F. L. MICELI, Star No. 10297, ) | |
| and CHICAGO POLICE OFFICER R. ) | JURY TRIAL DEMANDED |
| MARTINEZ, Star No. 15547, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers plaintiff's complaint as follows:

**JURISDICTION and VENUE**

1.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' [sic] rights as secured by the United States Constitution.

ANSWER:     The City admits that plaintiff purports to bring Counts I and II of his complaint pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of plaintiff's rights as secured by the United States Constitution. The City denies that it violated any of plaintiff's rights, and further denies that it caused plaintiff any injury. The City denies the remaining allegations in this paragraph.

2.     This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

ANSWER:     The City admits the allegations in this paragraph.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegation that plaintiff resides in this judicial district. The City admits the remaining allegations in this paragraph.

## PARTIES

4. At all times relevant hereto, Plaintiff Dewayne Thomas was a 41year-old male resident of Chicago, Illinois.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that plaintiff is a male. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

ANSWER: The City admits that the defendant officers were, at all times relevant to the complaint, employees of the Chicago Police Department. The City further admits, upon information and belief, based on Chicago Police Department records, that the defendant officers were, at all times relevant to the complaint, acting under color of law and within the scope of their employment.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

ANSWER: The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois, and that it employs the defendant officers. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**FACTUAL ALLEGATIONS**

7. On or about January 3, 2007, Plaintiff was walking near the intersection of 109th Street and Michigan Ave. in Chicago, Cook County, Illinois.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that on January 3, 2007, plaintiff was walking near 31 West 108th Place, Chicago, Cook County, Illinois 60628. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

8. At this time, Defendant Officers approached Plaintiff and ordered him to place his hands on their police vehicle while they unconstitutionally searched him without an arrest warrant, a search warrant, or probable cause to believe that Plaintiff had committed or was committing a crime.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that on January 3, 2007, plaintiff was arrested and searched following his arrest. The City further admits, upon information and belief, based on Chicago Police Department records, that the defendant officers were without an arrest warrant or search warrant pertaining to plaintiff when plaintiff was arrested and searched. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

9. At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Following the unconstitutional search, Plaintiff was handcuffed, arrested, and taken to the 5th District Chicago Police District [sic] wHereTTe [sic] was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402-C and possession of drug paraphernalia in violation of 720 ILCS 600.0/3.5-A, and held in custody for more thanjthreg. [sic] weeks.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that plaintiff was arrested, searched following his arrest, and taken to the 5th District Police Station where he was charged with possession of a controlled substance, in violation of 720 ILCS 570.0/402-C, and possession of drug paraphernalia, in violation of 720 ILCS 600.0/3.5-A. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

11. The false charge of possession of a controlled substance was dismissed after a finding of no probable cause by a Cook County Judge on January 25, 2007 and the charge of possession of drug paraphernalia was dismissed by the State of Illinois on the same date.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that on January 25, 2007, a charge of possession of a controlled substance against plaintiff pursuant to 720 ILCS 570.0/402-C was dismissed after a finding of no probable cause, and a charge of possession of drug paraphernalia against plaintiff pursuant to 720 ILCS 600/3.5-A received a disposition of "nolle prosequi." The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

### Count I - 42 U.S.C. § 1983 - False Arrest

12. Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

ANSWER: The City re-alleges its answers to paragraphs 1 through 11 as if stated here.

13. On January 3, 2007, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff s [sic] rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that plaintiff was arrested on January 3, 2007, and that he was not arrested pursuant to a warrant. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

14. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

ANSWER: The City admits that the defendant officers were, at the time of plaintiff's arrest, employees of the Chicago Police Department. The City further admits, upon information and belief, based on Chicago Police Department records, that the defendant officers were, at the time of plaintiff's arrest, acting under color of law and within the scope of their employment. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

15. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior

        instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless [sic], the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

ANSWER:  The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against police officers for violations of civil rights. The City denies the remaining allegations in this paragraph, including all of its sub-parts.

16. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### Count II - 42 U.S.C. § 1983 - Unlawful Search

17. Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

ANSWER: The City re-alleges its answers to paragraphs 1 through 11 as if stated here.

18. Defendant Officers searched Plaintiffs person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that on January 3, 2007, plaintiff was searched following his arrest and that he was not searched pursuant to a warrant. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

19. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future

        abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" int the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless [sic], the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

ANSWER:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against police officers for violations of civil rights. The City denies the remaining allegations in this paragraph, including all of its sub-parts.

20.     The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

ANSWER:     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### Count III - False Imprisonment

21.     Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

ANSWER:     The City re-alleges its answers to paragraphs 1 through 11 as if stated here.

22.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

ANSWER:     The City admits the allegations in this paragraph.

23.     On January 3, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff s [sic] rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

ANSWER:     Upon information and belief, based on Chicago Police Department records, the City admits that plaintiff was arrested on January 3, 2007, and that he was not arrested pursuant to a warrant. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

24.     Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

ANSWER:     The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations in this paragraph.

25. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiffs constitutional right and would cause harm to Plaintiff.

ANSWER: The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

### Count IV - Malicious Prosecution

26. Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

ANSWER: The City re-alleges its answers to paragraphs 1 through 11 as if stated here.

27. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that plaintiff was charged with possession of a controlled substance pursuant to 720 ILCS 570.0/402-C and possession of drug paraphernalia pursuant to 720 ILCS 600/3.5-A. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

28. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the

truth of the allegations in this paragraph.

29.    Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

ANSWER:    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30.    On January 25, 2007 Plaintiffs [sic] case was dismissed.

ANSWER:    Upon information and belief, based on Chicago Police Department records, the City admits that on January 25, 2007, a charge against plaintiff pursuant to 720 ILCS 570.0/402-C was dismissed and a charge against plaintiff pursuant to 720 ILCS 600/3.5-A received a disposition of "nolle prosequi." The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

31.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including, but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

ANSWER:    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### Count V - Intentional Infliction of Emotional Distress

32.    Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 11 as if stated here.

33.     Jurisdiction of this Court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

ANSWER:     The City admits the allegations in this paragraph.

34.     Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiffs [sic] innocence, and amount to extreme rand ou^geous coMucf apmst'Flainii!r [sic].

ANSWER:     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35.     Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

ANSWER:     The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

36.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damage, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

ANSWER:     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### Count VII [sic] - State Law Claims against Defendant City
### *Respondeat Superior* and Indemnification

37.     Plaintiff re-alleges paragraphs 1 through 11 as if fully repleaded herein.

ANSWER:     The City re-alleges its answers to paragraphs 1 through 11 as if stated here.

38.　Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

ANSWER:　The City states that the allegations in this paragraph are vague, incomplete and/or an inaccurate statement of the City's liability under Illinois law; therefore, the City denies this allegation.

38.　At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

ANSWER:　The City admits that the defendant officers were, at all times relevant to the complaint, employees of the Chicago Police Department. The City further admits, upon information and belief, based on Chicago Police Department records, that the defendant officers were, at all times relevant to the complaint, acting under color of law and within the scope of their employment. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

Wherefore, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award the City such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1.  Under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), the City is not liable under § 1983 for its employees' alleged misconduct.

2.  The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment.  745 ILCS 10/9-102 (2006); see also Wright v. City of Danville, 174 Ill.2d 392 (1996).

3.  The City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

4.  To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (2006).

5.  The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

6.  Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102 (2006).

7.  As to plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'"  See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

8.  To the extent plaintiff failed to mitigate any of his claimed injuries or damages,

any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

9. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

## JURY DEMAND

The City requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
City of Chicago

March 31, 2008         By:     */s/ Bhairav Radia*
                                Bhairav Radia
                                Ashley Kosztya
                                Assistants Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919/6922

**CERTIFICATE OF SERVICE**

      I certify that I caused to be served a true copy of **Defendant City of Chicago's Answer and Affirmative Defenses to Plaintiff's Complaint** on the following counsels of record through the United States District Court for the Northern District of Illinois, Eastern Division's electronic case filing system, on March 31, 2008.

| | | |
|---|---|---|
| To: | Jeffrey B. Granich | Thomas Freitag |
| | Katie Z. Ehrmin | Assistant Corporation Counsel |
| | Law Offices of Jeffrey B. Granich | City of Chicago Law Department |
| | 53 West Jackson Blvd., Suite 840 | 30 N LaSalle Street, Suite 1400 |
| | Chicago, Illinois 60604 | Chicago, Illinois 60602 |

                                                                 */s/ Bhairav Radia*
                                                                   Bhairav Radia
                                                                   Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919